IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

STEVEN HARRISON, #R0065                                              PETITIONER

versus                                           CIVIL ACTION NO. 2:08cv250-KS-MTP

WILLIAM JARVIS, Warden                                               RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on a Motion to Dismiss Pursuant to § 2244(d) [13] filed by Respondent. Having considered the submissions of the parties, documents made a part of the record of this case and applicable law, the undersigned recommends that Respondent's Motion to Dismiss [13] be granted and that Steven Harrison's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice.

## FACTS AND PROCEDURAL HISTORY

On March 5, 1997, Petitioner Steven Harrison was convicted of robbery and aggravated assault in the Circuit Court of Jones County, Mississippi and was sentenced to serve a term of fifteen years on the robbery charge with three years suspended and a consecutive term of twenty years on the aggravated assault charge with five years suspended, all in the custody of the Mississippi Department of Corrections. *See* Exhibit A to Motion to Dismiss. Petitioner directly appealed his convictions and sentences to the Mississippi Supreme Court, and in an opinion dated December 8, 1998, the Mississippi Court of Appeals[1] affirmed the trial court's decision. *See Harrison v. State*, 737 So. 2d 385 (Miss. App. 1998), *reh'g denied*, Mar. 9, 1999, *cert.*

---

[1] Under Mississippi statute, the Supreme Court may assign any appeal to the Court of Appeals, except with certain exceptions not applicable here. *See* Miss. Code Ann. § 9-4-3. Decisions of the Court of Appeals are final and not reviewable by the Supreme Court except on a writ of certiorari, the granting of which is discretionary. *Id.*

*denied*, June 17, 1999 (Exh. B to Answer).  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Thereafter, on April 25, 2007, Petitioner, through counsel, filed a motion for leave to file a motion for post-conviction relief in the Mississippi Supreme Court.  *See* Exh. C to Motion to Dismiss.  That motion was denied as time barred, pursuant to Miss. Code Ann. § 99-39-5(2),[2] by order dated June 20, 2007 (*reconsid. denied*, Aug. 6, 2007).[3]  *See* Exhs. D & F to Motion to Dismiss.  Petitioner then filed a *pro se* Application for Leave to File Successive Motion for Post-Conviction Relief on June 10, 2008, raising "issues not previously presented."[4]  *See* Exh. G to Motion to Dismiss.  This motion was denied as time-barred by order dated July 9, 2008.  *See* Exhs. G & H to Motion to Dismiss.  Petitioner filed the instant Petition, at the earliest, on or

---

[2] "A motion for relief under this article shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi....Excepted from this three-year statute of limitations are those cases in which the prisoner can demonstrate...that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence."  Petitioner had argued in his motion for post-conviction relief that he had newly discovered evidence (in the form of affidavits) indicating that his trial attorney had failed to inform him of a plea offer and, in fact, had affirmatively denied that any such offer had been made.  Petitioner claimed that this information was only discovered after his family hired a new attorney (six months prior to filing the motion for post-conviction relief) to determine whether there was any new evidence or other grounds upon which to collaterally attack his convictions and sentences.  *See* Exh. C to Motion to Dismiss.  The Court found that "inquiries concerning the prisoner's plea options could have been made within the statute of limitations such that the present application is time barred...."  *See* Exh. D to Motion to Dismiss.

[3] The court found that the its prior decision denying post-conviction collateral relief was not subject to rehearing pursuant to Rule 27(h) of the Mississippi Rules of Appellate Procedure ("Motions for reconsideration...of rulings of the Supreme Court...on motions are generally not allowed.").

[4] Specifically, Petitioner asserted claims of "violation of due process, illegal sentence, and lack of jurisdiction," based upon an allegedly defective indictment.  *See* Exh. G to Motion to Dismiss.

2

about October 27, 2008.[5] Respondent contends that the Petition was not timely filed and, therefore, it should be dismissed.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA), to which this case is subject, specifies that a petitioner seeking federal habeas relief must file his federal petition within one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Egerton v. Cockrell,* 334 F.3d 433, 435, 436 (5th Cir. 2003).

As noted *supra*, the Mississippi Supreme Court denied certiorari on Petitioner's direct appeal on June 17, 1999. Accordingly, Petitioner's conviction became final, following the ninety day period allotted to seek further review with the United States Supreme Court,[6] on September 17, 1999 (June 17, 1999 + 90 days). *See England v. Quarterman*, 242 Fed. Appx. 155, 157 (5th Cir. July 13, 2007), *cert. denied*, 128 S.Ct. 2423 (2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Flanagan v. Johnson*, 154 F.3d 196, 197-99 (5th Cir. 1998)). Thus, pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had until September 18, 2000 to file his federal habeas petition. Harrison filed his petition, at the earliest, on October 27, 2008, approximately eight years after the federal statute of limitations expired. Thus, the petition is barred by the

---

[5] Under the "mailbox rule," Harrison's *pro se* federal habeas petition is deemed filed on the date that he delivered the petition to prison officials for mailing to this court. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). Petitioner signed the petition on October 27, 2008, and it was received by the clerk of the court on November 19, 2008. The court will give Petitioner the benefit of the doubt and assume that he delivered his petition to prison officials on the same day that he signed it.

[6] *See* Rule 13(1) of the Rules of the United States Supreme Court (providing that a petition for writ of certiorari is timely when filed within 90 days after entry of the state court judgment).

statute of limitations unless Petitioner is entitled to either statutory or equitable tolling.

Whether statutory tolling occurred during the period between Harrison's judgment becoming final on September 17, 1999 and the filing of his federal habeas petition on October 27, 2008 is first determined by reference to 28 U.S.C. § 2244(d)(2), which provides for tolling of the one-year limitation period during the time in "which a properly filed application for State post-conviction" remains pending. As noted *supra*, Petitioner filed two motions for post-conviction relief. However, as these were both filed *after* the federal habeas statute of limitations had expired, they cannot toll the statute of limitations.[7] *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner appears to argue that the "factual predicate" exception of 28 U.S.C. § 2244(d)(1)(D) should apply. This section provides that the one-year statute of limitations shall run from the latest of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner argues - without explanation - that he could not have earlier discovered his claims through the exercise of due diligence. *See* Traverse [15]. This argument is unavailing. As noted *supra*, on post-conviction collateral review the Mississippi Supreme Court found that Petitioner's claim that his attorney never informed him of a plea offer could have been investigated and raised within the state's three year statute of limitations. Likewise, Petitioner has provided this court with no reason why this claim could not have been raised within AEDPA's one-year statute of limitations. Petitioner does not explain why he could not have hired an attorney to investigate his potential claims

---

[7] Moreover, the motions for post-conviction relief were only pending for a total of approximately three months, so even if they could toll the statute of limitations, the instant habeas petition would still have been filed more than seven years late.

4

during the limitations period. At any rate, Petitioner was clearly aware of this claim - at the latest - at the time his first petition for post-conviction collateral relief was filed in state court in April, 2007 - yet he did not file the instant petition until October 27, 2008, approximately a year and a half later.[8] Nor does Petitioner even attempt to explain why the other claims raised in the instant petition - that his convictions and punishment for armed robbery and aggravated assault violate Double Jeopardy, and that his Fifth Amendment rights were violated when the trial court allowed an amendment to the indictment during trial - could not have been raised within the limitations period.

Finally, Petitioner also appears to be invoking both the state-created impediment exception of 28 U.S.C. § 2244(d)(1)(B)[9] as well as the doctrine of equitable tolling, arguing that he was not aware of AEDPA's statute of limitations because he has not had access to a sufficient law library or legal assistance during his incarceration. *See* Petitioner's Traverse [15]. The Fifth Circuit has held that under certain limited circumstances, an inadequate prison law library may constitute a state created impediment to toll AEDPA's statute of limitations. *Egerton*, 334 F.3d at 439. Specifically, "a state's failure to provide the materials necessary to prisoners to challenge their convictions or confinement, in this case a copy of the very statute that is being used to render [petitioner's] petition time-barred, constitutes an 'impediment' for purposes of invoking § 2244(d)(1)(B)." *Id.* at 438-39; *see also id.* at 438 ("The absence of *all* federal materials from a

---

[8] As noted *supra*, the filing of a state motion for post-conviction relief does not toll AEDPA's statute of limitations where it is filed *after* the statute of limitations has expired.

[9] This provides that AEDPA's one-year statute of limitations runs from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." In order to invoke the exception, "the prisoner must show that: (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law." *Egerton v. Cockrell,* 334 F.3d 433, 436 (5th Cir. 2003).

5

prison library (without making some alternative arrangements to apprise prisoners of their rights) violates the First Amendment right, through the Fourteenth Amendment, to access to the courts.") (emphasis added).

Petitioner does not allege that there were no federal materials in the prison law library available to him during the relevant period, nor does he allege that he was not provided with a copy of AEDPA. Moreover, as set forth in the Affidavit of Gia McLeod, Director of MDOC's Inmate Legal Assistance Program ("ILAP")[10] (Exh. A to Reply [16]), all MDOC inmates have access to legal assistance through the ILAP. Access is gained by completing and submitting a request for legal assistance. Through the program, inmates can request legal research and even request a meeting with a lawyer if necessary. All relevant state and federal case law, statutes, rules and secondary sources are available to inmates (and have been since the inception of the program). ILAP also provides packets to inmates containing information about, *inter alia*, post-conviction petitions and habeas corpus, including copies of the relevant statutes and court rules, as well as important court decisions  These packets are updated annually. Thus, Petitioner had access to legal materials while in the custody of the MDOC. *See also Neal v. Bradley*, 2006 WL 2796404, at * 3 (N.D. Miss. Sept. 25, 2006) (discussing the availability of information to Mississippi inmates regarding federal habeas relief and the statutes governing federal habeas actions and, citing to Ms. McLeod's affidavit, finding that "all inmates in the custody of the

---

[10] ILAP was established in September 1997 (after Petitioner was convicted and sentenced) and began operating in December 1997. Prior to that time, all MDOC inmates could visit the law library at each and every state facility upon request. After ILAP's creation, every MDOC inmate was notified of the new program and was given information about how to gain access. *See* Exh. A to Reply [16].

6

MDOC have access to legal materials.").[11]

Finally, Petitioner also refers to the doctrine of equitable tolling in his Traverse. Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Ott v. Johnson,* 192 F.3d 510, 513 (5th Cir. 1999). It is permitted only "in rare and exceptional circumstances." *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (citation omitted); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Even excusable neglect will not suffice. *Ott*, 192 F.3d at 514. The decision to apply the equitable tolling doctrine to the one-year limitation period set forth in section 2244(d) rests within the sound discretion of the district court. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).

As noted above, Petitioner argues that because of his poverty and *pro se* status, he should somehow be excused from AEDPA's statute of limitation. However, "[i]t is well-settled that equitable tolling is not warranted merely because a petitioner proceeds pro se and is not well versed in the law." *Bishop v. Quarterman*, 2007 WL 1567095, at * 4 (S.D. Tex. May 29, 2007) (citing *Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000)). Likewise, neither an inmate's poverty nor trouble obtaining necessary records provides a basis for equitable tolling. *See Kiser*

---

[11] Moreover, according to ILAP records, the first request for assistance made by Petitioner was received on August 23, 2007 - nearly seven years after AEDPA's limitations period had expired - when Petitioner requested an in-person meeting with an attorney in order to discuss his state motion for post-conviction relief. *See* Exh. B to Reply [16]. Ms. McLeod asked Petitioner for more specific information so that she could bring the appropriate documentation to their meeting. Petitioner then responded that his state post-conviction motion had been denied, and Ms. McCleod informed him that his next step was to file a habeas corpus action in federal court based on his newly discovered evidence. *See id.* The court notes that Ms. McLeod's response to Petitioner was dated September 28, 2007; however, Petitioner still waited more than a year after that point to file his federal habeas petition. Petitioner apparently was aware of his federal remedy even before receiving Ms. McLeod's response, as he stated in his letter to Ms. McLeod: "I need help on my next step which I believe is federal court." *See id.*

7

*v. Dretke*, 2004 WL 2331592 (N.D. Tex. Oct. 15, 2004), *Report & Recommendation adopted by* 2004 WL 2549174 (N.D. Tex. Nov. 9, 2004) ("Difficulty obtaining records and lack of money to pay for copies are common problems among inmates who are trying to pursue post-conviction habeas relief and, thus, do not present exceptional circumstances that warrant equitable tolling.").

Further, a prerequisite to the application of the equitable tolling doctrine is a showing that the petitioner has "diligently pursue[d] § 2254 relief." *Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citations omitted). As discussed *supra*, Petitioner's first motion for post-conviction relief was denied in June 2007. Petitioner then waited another year to file a second motion for post-conviction relief, which was denied in July 2008. Petitioner then waited approximately three months to file the instant habeas action. Therefore, Petitioner was not diligent in pursuing § 2254 relief. *See*, *e.g.*, *id.* (finding that petitioner who waited four months after state court ruling to file federal habeas petition was not entitled to equitable tolling because he did not "expediently" file his habeas petition).

Accordingly, as Petitioner's habeas petition was filed approximately eight years after the deadline had passed, and as he has not established that he is entitled to either statutory or equitable tolling of the statute of limitations, the petition is barred by section 2244(d).

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this court that Respondent's Motion to Dismiss [13] should be granted and that Petitioner's Petition for Writ of Habeas Corpus [1] should be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules, any party within ten days after being served a copy of this

8

recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within ten days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Services Automobile Association,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 11th day of August, 2009.

s/ Michael T. Parker
United States Magistrate Judge